IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

DAMEION BUCKLEY,

    Plaintiff,

v.      Case No. 1:24-cv-01040-JDB-jay

HENDERSON COUNTY SHERIFF'S DEPARTMENT
and ZACHARY JEANS,

    Defendants.

_____

DAMEION BUCKLEY,

    Plaintiff,

v.      Case No. 1:24-cv-01099-JDB-jay

HENDERSON COUNTY, TENNESSEE,
and ZACHARY JEANS,

    Defendants.

_____

ORDER OVERRULING PLAINTIFF'S OBJECTIONS,
ADOPTING REPORT AND RECOMMENDATIONS
AND
DISMISSING CASES
_____

On February 21, 2024, the Plaintiff, Dameion Buckley, brought a pro se action in this Court against the Henderson County, Tennessee, Sheriff's Department and Officer Zachary Jeans, alleging violation of his due process rights in connection with his arrest and prosecution in state court, and seeking dismissal of the pending state criminal matter. (Case No. 1:24-cv-01040-JDB-jay ("*Buckley I*"), Docket Entry ("D.E.") 1.) On May 1, 2024, he filed a separate action in this Court attempting to "remove" the state criminal case to federal court, naming as defendants Jeans and Henderson County. (Case No. 1:24-cv-01099-JDB-jay ("*Buckley II*"), D.E. 1.) *Buckley II*

1

appeared to incorporate the same due process allegations as *Buckley I* and requested both equitable and monetary relief. Plaintiff was granted leave to proceed in forma pauperis in both cases. (*Buckley I*, D.E. 8; *Buckley II*, D.E. 7.) In accordance with Administrative Order No. 2013-05, the actions were referred to the assigned magistrate judge, Jon A. York, for management of all pretrial matters. In a screening report and recommendation relating to both cases entered October 3, 2024, (the "R&R") pursuant to 28 U.S.C. § 1915(e)(2)(B), Judge York recommended that both cases be dismissed sua sponte. (*Buckley I*, D.E. 28; *Buckley II*, D.E. 8.) Plaintiff has filed objections to the R&R. (*Buckley I*, D.E. 29-30; *Buckley II*, D.E. 9-10.) For the reasons articulated herein, the objections are OVERRULED.

Rule 72 of the Federal Rules of Civil Procedure permits a party to "serve and file specific written objections to the [magistrate judge's] proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* LR 72.1(g)(2). Upon the filing of timely and proper objections, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to" and "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1), LR 72.1(g)(2). "The district court is not required to review—under any standard—those aspects of the report and recommendation to which no objection is made." *Valentine v. Gay*, Case No. 3:23-cv-00204, 2023 WL 7930049, at *2 (M.D. Tenn. Nov. 16, 2023) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also Austin v. Stapleton*, 628 F. Supp. 3d 702, 706 (E.D. Mich. 2022) ("A district court is not obligated to reassess the same arguments presented before the [m]agistrate [j]udge with no identification of error in the [m]agistrate [j]udge's recommendation."); *Jenkins v. Plumbers & Pipefitters Union Local No. 614*,

2

971 F. Supp. 2d 737, 742-43 (W.D. Tenn. 2013) ("a district court should adopt the findings . . . of the magistrate judge to which no specific objection is filed," referencing *Arn*).

A party's specific objections must "identify the issues of contention" and "be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Chappel v. Adams Cnty. Children's Servs.*, Case No. 1:22-cv-747, 2023 WL 4191724, at *3 (S.D. Ohio May 19, 2023) (citation omitted), *appeal filed* (No. 23-3526) (6th Cir. June 26, 2023). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Hill v. Dep't of Veteran Affairs*, Case No. 3:22-cv-00246, 2023 WL 2301997, at *1 (M.D. Tenn. Mar. 1, 2023) (quoting *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001)). Moreover, "[a]n 'objection' that does nothing more than state a disagreement with a magistrate[ judge's] suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Stanley v. O'Malley*, Case No. 1:23-CV-2367, 2024 WL 4354810, at *2 (N.D. Ohio Sept. 30, 2024).

Buckley has claimed in the actions pending in this Court that evidence vital to his claim of self-defense to the state charges—namely, a car door handle located at the scene of his arrest—was neither collected by officers nor mentioned in the police report. He avers that, without the handle, he is unable to receive a fair trial in violation of his constitutional rights.

Judge York concluded that, because the state judicial proceeding is ongoing, the proceeding implicates important state interests because the charges are of a criminal nature, and there is adequate opportunity for Plaintiff to raise constitutional concerns in the state courts, the doctrine articulated in *Younger v. Harris*, 401 U.S. 37 (1971), applies, requiring this Court's abstention from adjudicating his claims for injunctive relief. Plaintiff does not appear to take issue with this ruling.

The magistrate judge further concluded that the bad faith exception to application of the *Younger* doctrine had not been established. The Court interprets Buckley's objections to the R&R as focusing on this aspect of Judge York's recommendation. "*Younger* abstention derives from a desire to prevent federal courts from interfering with the functions of state criminal prosecutions . . . ." *Doe v. Univ. of Kentucky*, 860 F.3d 365, 368-69 (6th Cir. 2017); *see also Toutges v. McKaig*, No. 3:19-CV-352 REEVES/POPLIN, 2019 WL 5865642, at *5 (E.D. Tenn. Nov. 8, 2019) ("Federal District Courts are not appellate courts over the state court system and have no general power to puppeteer state court actions."). In cases where application of the doctrine would normally be appropriate, federal courts should not abstain where "the state proceeding is motivated by a desire to harass or is conducted in bad faith."[1] *Aaron v. O'Connor*, 914 F.3d 1010, 1019 (6th Cir. 2019) (quoting *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975)). This exception is to be "narrowly construed." *Lloyd v. Doherty*, No. 18-3552, 2018 WL 6584288, at *3 (6th Cir. Nov. 27, 2018) (quoting *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986)); *see also Tindall v. Wayne Cnty. Friend of the Court*, 269 F.3d 533, 539 (6th Cir. 2001) (cases authorizing federal intervention under the bad faith exception are "exceedingly rare"). "[T]he Supreme Court has applied the 'bad faith' exception to only one specific set of facts: where state officials initiate repeated prosecutions to harass an individual or deter his conduct, and where the officials have no intention of following through on those prosecutions." *Ken-N.K., Inc. v. Vernon Twp.*, 18 F. App'x 319, 324 n.2 (6th Cir. 2001); *see also Lloyd*, 2018 WL 6584288, at *4 (same); *Soloe v. Fischer*, Case No. 3:23-cv-382, 2024 WL 2830330, at *3 (E.D. Tenn. June 4, 2024) (same). "Likewise, no

---

[1] Other exceptions to abstention include "where the challenged statute is flagrantly and patently violative of express constitutional prohibitions," *Aaron*, 914 F.3d at 1019 (quoting *Moore v. Sims*, 442 U.S. 415, 424 (1979)), and "where there is an extraordinarily pressing need for immediate federal equitable relief," *id* (quoting *Kugler v. Helfant*, 421 U.S. 117, 125 (1975)). Neither has been invoked here.

Sixth Circuit case has ever authorized federal intervention under the bad faith or harassment exception." *Pettus v. White*, Civil Action No. 5:24CV-P55-JHM, 2024 WL 3747489, at *6 (W.D. Ky. Aug. 9, 2024) (internal alteration and quotation marks omitted).

The Plaintiff does not allege, nor does the record reflect, that he has suffered repeated prosecutions. *See Lloyd*, 2018 WL 6584288, at *4 (bad faith not shown where plaintiff had not demonstrated repeated prosecutions). Nor has he established that state prosecutors "have no intention of following through" on the charges. *See Rainey v. Perkins Twp. Bd. of Tr.*, Case No. 3:22-cv-42, 2024 WL 3361771, at *2 (N.D. Ohio July 10, 2024) (plaintiff had not shown bad faith when he failed to offer evidence that state was unserious about pursuing his prosecution). The magistrate judge correctly determined that Plaintiff failed to bear his burden of showing justification for the bad faith exception to *Younger* abstention.

Based upon his conclusion that the Court should therefore abstain from exercising its jurisdiction in these cases, Judge York recommended that they be dismissed. The Court agrees that *Younger* mandates dismissal of Plaintiff's equitable claims and they are hereby DISMISSED. *See Meyers v. Franklin Cnty. Court of Common Pleas*, 23 F. App'x 201, 206 (6th Cir. 2001) (per curiam) ("Based on abstention, it was proper to dismiss [plaintiffs'] claims for injunctive and declaratory relief."). As Buckley does not appear to have brought forth an objection to the magistrate judge's recommendation that any § 1983 damages claims should be dismissed, the R&R on that issue is ADOPTED and the claims are DISMISSED.

The Clerk is DIRECTED to enter judgments in accordance with this order.

IT IS SO ORDERED this 29th day of October 2024.

                                                          s/ J. DANIEL BREEN
                                                          UNITED STATES DISTRICT JUDGE